**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CLARENCE GOREE,**
        **Petitioner,**

v.                                        Civil Action No.: 3:17-CV-132

**JENNIFER SAAD, Warden,**
        **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On October 30, 2017, Petitioner Clarence Goree, an inmate at FCI Gilmer, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1] The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, this Court recommends that the Petition be denied and dismissed with prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY

**A.    Conviction and Sentence[2]**

On July 11, 2007, a fifth superseding indictment was returned in the Southern District of Illinois, case number 4:06-CR-40029, which charged Petitioner and four co-

---

[1] ECF Numbers cited herein refer to case number 3:17-CV-132 unless otherwise noted.

[2] Throughout section II.A., all ECF numbers refer to entries in the docket of Criminal Action No. 4:06-CR-40029 from the Southern District of Illinois.

defendants with various felony offenses. ECF No. 248. A sixth superseding indictment was returned in the case on October 2, 2007, which charged Petitioner in Count 1 with conspiracy to distribute more than 50 grams of crack cocaine. ECF No. 312. On January 16, 2009, pursuant to a plea agreement, Petitioner entered a change of plea to Count 1 of the sixth superseding indictment. ECF Nos. 459, 460. As a term of his plea agreement, Petitioner waived his right to appeal his conviction or sentence, including by collateral attack under Chapter 28 of the United States Code. ECF No. 460 at 10 – 11.

A "Stipulation of Facts" filed by the parties described Petitioner's criminal activity:

> During the charged conspiracy, defendant was involved with others in the distribution of cocaine and crack cocaine. Those persons that defendant was involved with included, but was not limited to: Keon Pendleton, Sharice Vann, Tony Baker, Terry Rogers, Bo Hubbard, Korey House, Kenneth Neal, "Jazzy Jeff, " Eli Jackson, Percy Jefferson, a/k/a "Black," Willie Nesby, a/k/a "Chaos," and Robert Harris, a/k/a "Yeh."
>
> Defendant obtained dealer amounts of cocaine and crack cocaine from Hubbard, Jefferson, Jackson and others. Defendant sometimes supplied Sharice Vann, Keon Pendleton, and others with crack cocaine for redistribution. Vann would obtain dealer amounts of crack cocaine from defendant, Jefferson, Nesby, Eddie Badger, and others. Vann would then provide the crack cocaine to her sons, Pendleton, Baker, and Neal, for redistribution. When crack cocaine customers would contact Vann, she would sometimes sell them crack cocaine and would sometimes direct the customers to her sons. Vann's sons would bring the money back to Vann and re-up. Smith sometimes cooked powder cocaine into crack for defendant. Defendant and the others distributed the crack cocaine in the Murphysboro and Mt. Vernon, Illinois, areas.
>
> The co-conspirators would oftentimes be armed during the drug distribution. The Government submits that defendant's relevant conduct includes between 1.5 - 4.5 kilograms of crack cocaine. The Defendant submits that

> defendant's relevant conduct includes between 500 grams - 1.5 kilograms of crack cocaine.

ECF No. 461.

On August 20, 2009, the Court found that the Petitioner had an offense level of 34 and a criminal history category of VI, and sentenced Petitioner to 288 months of incarceration. ECF Nos. 491, 492.

On November 30, 2015, Petitioner filed a pro se motion to reduce sentence, based on an amendment to the United States Sentencing Guidelines. ECF No. 697. Thereafter, on November 6, 2017, Petitioner filed a motion for voluntary dismissal or to withdraw his motion to reduce sentence. ECF No. 725. On August 24, 2018, the Court granted Petitioner's motion to withdraw and terminated as moot his motion to reduce sentence. ECF No. 753.

### B. Petitioner's Motion to Vacate Under § 2255[3]

On August 25, 2015, Petitioner filed a pro se motion to vacate under 28 U.S.C. § 2255 in the Southern District of Illinois, case number 3:15-CV-942. ECF No. 1. Following the appointment of counsel, Petitioner filed a Notice of Voluntary Dismissal on March 27, 2017. ECF No. 10. The Court dismissed the motion to vacate on March 28, 2017. ECF No. 11.

### C. Petitioner's Application to File a Second or Successive Motion Under § 2255[4]

On June 19, 2017, Petitioner filed an application to file a second or successive motion under § 2255 with the United States Court of Appeals for the Seventh Circuit, in

---

[3] Throughout section II.B., all ECF numbers refer to entries in the docket of Civil Action No. 3:15-CV-942 from the Southern District of Illinois.
[4] Throughout section II.C., all ECF numbers refer to entries in docket 17-2254 from the United States Court of Appeals for the Seventh Circuit.

that court's case number 17-2254. ECF No. 1. By order entered June 29, 2017, the Seventh Circuit dismissed the application on the ground that because Petitioner's only prior 2255 proceeding was dismissed without prejudice, he did not require a certificate of appealability. ECF No. 3.

### D. Petitioner's Second Motion to Vacate Under § 2255[5]

On June 26, 2017, Petitioner filed a pro se motion to vacate under 28 U.S.C. § 2255 in the Southern District of Illinois, case number 3:17-CV-660. ECF No. 1. On July 11, 2017, Petitioner filed a Notice of Voluntary Dismissal. ECF No. 4. The Court dismissed the motion to vacate on July 13, 2017. ECF No. 5.

### E. Prison Administrative Proceedings

Petitioner is currently incarcerated at FCI Gilmer in Glenville, West Virginia with a projected release date of August 15, 2029. Petitioner attached a number of administrate grievance documents to his complaint, all of which related to an incident alleged to have occurred on May 9, 2013. ECF No. 1-1 at 4 – 14.

On May 10, 2013, an incident report was prepared for the incident. ECF No. 1-1 at 4. On May 16, 2013, the Unit Discipline Committee ("UDC") determined that Petitioner committed the prohibited act and imposed sanctions. Id.

On June 1, 2013, Petitioner prepared a document he titled "Administrative Remedy Informal Resolution". Id. at 5. On June 11, 2013, Correctional Counselor advised Petitioner that his complaint could not be resolved informally and must be filed on a BP-9 form. Id. at 6. On June 18, 2013, Petitioner prepared a "Request for Administrative Remedy", which document was stamped received by the Warden's

---

[5] Throughout section II.D., all ECF numbers refer to entries in the docket of Civil Action No. 3:17-CV-660 from the Southern District of Illinois.

Office at FCI Greenville, Illinois on June 21, 2013.  Id. at 7.  Warden James N. Cross denied Petitioner's request for administrative remedy on July 2, 2013, specifically Petitioner's appeal of the May 16, 2013, finding of guilt by the UDC.  Id. at 8.

Petitioner then prepared a "Regional Administrative Remedy Appeal" on July 11, 2013, which document was stamped received by the Bureau of Prisons Regional Director's Office North Central Region on July 15, 2013.  Id. at 9.  Petitioner submitted a verbatim copy of his June 1, 2013, "Administrative Remedy Informal Resolution" which he retitled for his July 15, 2013, filing as "Regional Administrative Remedy Appeal".  Id. at 10.  On September 13, 2013, the BOP North Central Regional Director denied Petitioner's Regional Administrative Remedy Appeal.  Id. at 11.

Petitioner next prepared a "Central Office Administrative Remedy Appeal" on October 7, 2013.  Id. at 12.  That appeal was received by the BOP Administrative Remedy office on October 17, 2013.  Id.  Again, Petitioner submitted a verbatim copy of his June 1, 2013, "Administrative Remedy Informal Resolution" which he retitled for his October 10, 2013, filing as "Central Office Administrative Remedy Appeal".  Id. at 13. On May 8, 2015, the Acting Administrator for National Inmate Appeals partially granted the appeal and found that Petitioner "may not have received adequate notice of the evidence against [him]." Id. at 14.  Accordingly, Petitioner's appeal was returned "to the institution for appropriate action."  Id.  Further, in the response, Petitioner was advised that "[u]pon a final determination, [he would] be afforded the opportunity to file a new appeal" if he desired.  Id.  In its ruling in 17-3144[6], the Seventh Circuit summarized the Administrative Remedy Officer's ruling as the Petitioner "convinced a prison

---

[6] This case was an appeal of Petitioner's Bivens and Federal Tort Claims Act actions filed in the United States District Court for the Southern District of Illinois, case number 17-CV-685.

5

administrator on appeal that he did not receive adequate notice of the evidence used against him, and the report was expunged." U.S.C.A. Seventh Circuit, 17-3144, ECF No. 21 at 3.

### F. Instant Petition for Habeas Corpus Under § 2241

In his instant § 2241, Petitioner's sole ground for relief is that prison officials failed to satisfy his due process rights "because there was no proof of guilt on petitioner for [main]taining his Fifth Amendment [rights] to remain silent until he spoke with an attorney." ECF No. 1-1 at 1. Petitioner requests that the Court grant his § 2241 petition and require BOP to "restore the file[s] minus the 312 incident report unlawfully written." Id. at 3.

On September 4, 2018, Respondent filed a Motion to Dismiss and memorandum in support thereof. ECF Nos. 9, 10. A Roseboro notice was issued on September 5, 2018, and service for the same was accepted on September 10, 2018. ECF Nos. 11, 12. Petitioner has not filed a response to the motion to dismiss.

### III. STANDARD OF REVIEW

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may

apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.      **Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

**C. Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### IV. ANALYSIS

#### A. Petitioner Failed to Exhaust Administrative Remedies

An inmate who seeks formal review of an issue related to any aspect of his confinement must follow the administrative review process set forth in 28 C.F.R. 542 et seq. 28 C.F.R. § 542.10(a). An inmate must first attempt informal resolution with

prison staff. 28 C.F.R. § 542.13. If the prisoner achieves no satisfaction through attempted informal resolution, he must submit a Request for Administrative Remedy with the warden. Id. An inmate who is not satisfied with the Warden's response must next submit an appeal to the appropriate Regional Director. 28 C.F.R. § 542.15. If the prisoner is dissatisfied with the decision of the Regional Director, he may make a final appeal to the office of the General Counsel. Id.

Although he claims to have exhausted his administrate remedies [ECF No. 101 at 2], through the presentment of evidence, Petitioner acknowledges that he did not fully exhaust the administrative grievance procedure. Attached to the petition is Bureau of Prisons' National Inmate Appeals Acting Administrator's May 8, 2015, decision which contradicts Petitioner's claim of exhaustion. Id. at 14. That decision advised Petitioner that his appeal was being returned to him for further proceedings, and notified him that "[u]pon a final determination, [he would] be afforded the opportunity to file a new appeal if [he] desire[d]." Id.

Although some courts have used futility to excuse an inmate's failure to exhaust his administrative remedies[8], Petitioner herein has provided no authority to excuse his failure to exhaust his administrative remedies. Petitioner's failure to exhaust administrative remedies deprives this Court of subject matter jurisdiction.

B.  **Res Judicata**

Moreover, Petitioner has previously raised the same issue regarding the allegedly false disciplinary report in a civil rights claim filed under Bivens v. Six

---

[8] For instance, some district courts have found that requiring inmates to challenge the BOP's policy regarding calculation of good conduct time through the administrative process would be futile. See, e.g., Hendershot v. Scibana, 2004 WL 2009241 (W.D.Wis. 2004) and Martinez v. Wendt, 2003 WL 22456808 (N.D.Tex. 2003) (Mag. Report and Recommendation), adopted by 2003 WL 22724755 (N.D.Tex. 2003).

Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and a negligence action filed under the Federal Tort Claims Act, 28 U.S.C. § 1346, in the United States District Court for the Southern District of Illinois, case number 3:17-CV-685. That Court found that Petitioner:

> Has no due process claim in the results of his disciplinary hearing because he has not alleged that he was deprived of a liberty interest. . . . Plaintiff has not alleged that his sentence was lengthened as a result of the hearing, nor has he alleged that he was subjected to atypical and significant hardship as a result of the hearing. In fact, the exhibits attached [to] the Complaint show that Plaintiff only lost 90 days of privileges, which is not a deprivation that the Constitution recognizes.

S.D.Ill. 3:17-CV-685, ECF No. 10 at 7 – 8. Thereafter, Petitioner appealed the District Court's decision to the Seventh Circuit in docket number 17-3144. In its opinion issued August 30, 2018, the Seventh Circuit noted that "in at least one case—his claim against the officer for allegedly fabricating a disciplinary report—Goree succeeded in obtaining a remedy: he convinced a prison administrator on appeal that he did not receive adequate notice of the evidence used against him, and the report was expunged."

Based on the decision of the Seventh Circuit, it appears[9] that Petitioner has already received the relief he sought herein. However, it is unclear whether Petitioner fully exhausted his claims following his administrative appeal to the National Inmate Appeals Acting Administrator. Accordingly, it is not possible to determine if his petition should be denied as moot.

---

[9] Although the Seventh Circuit recognized in its August 30, 2018, opinion in 17-3144, that Petitioner obtained relief by having the report expunged, it is less clear whether the administrative appeals process concluded with that initial expungement. In the May 8, 2015, Administrative Remedy response, the National Inmate Appeals Acting Administrator advised Petitioner that "upon a final determination, you will be afforded the opportunity to file a new appeal if you desire." ECF No. 1-1 at 14. However, the record is silent as to whether Petitioner made any further appeal following a final determination after remand by the National Inmate Appeals Acting Administrator.

Furthermore, it appears that Petitioner seeks an improper remedy under § 2241. Petitioner asks the Court to "grant this § 2441 and cause the prison official[s] to restore the file[s] minus the 312 incident report unlawfully written." ECF No. 1-1 at 3. Petitioner claims that his:

> [O]rdeal caused him irreparable harm that can only be cured by the 312 incident report to come off his prison disciplinary files. Restoring his discipl[inary]record, minus the 312, will better serve petitioner for a change to program and/or seek prison employment, that [write ups] discourage.

Id. Petitioner does not seek release from confinement, or allege that he lost good conduct time. Id.

The Supreme Court has held that to challenge the duration of his confinement, a prisoner must seek habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74 (2005). Discussing Wilkinson, this Court has previously written that "habeas petitions are only appropriate where 'success in the habeas action would necessarily demonstrate the invalidity of confinement or its duration." Pinkney v. U.S. Dept. of Justice, 2009 WL 277551 (Feb. 9, 2009). The Fourth Circuit has recognized that when a petitioner "challenges the loss of good time credits, [his] action at its core seeks to shorten the length of his confinement. Therefore, the action sounds in habeas." Royster v. Polk, 299 Fed. Appx. 250 (2008) quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

Petitioner was not sanctioned with the loss of Good Time Conduct and, therefore, he is not, nor can he seek a speculative relief from confinement. Moreover, to the extent that Petitioner's programming and job opportunities have been impaired as a result of this disciplinary proceeding, he is challenging the conditions of his confinement. However, proceedings under § 2241 are an improper vehicle to obtain relief for such a

claim. Accordingly, his relief, if any, would fall under civil rights law. Petitioner has already sought civil rights relief for some of the same actions he raises herein. As discussed above, those claims were raised in the District Court of the Southern District of Illinois, case number 17-CV-685, and appealed to the United States Court of Appeals in docket number 17-3144. To the extent that Petitioner has already raised these issues and obtained relief in another jurisdiction, this Court is without authority to modify those decisions. Moreover, this court may not afford Petitioner the relief he seeks regarding the conditions of his confinement in a proceeding under 28 U.S.C. § 2241.

## V.    RECOMMENDATION

For the foregoing reasons, this Court concludes that no genuine issues of material fact are present, and that the Respondent is entitled to judgment as a matter of law. Accordingly, this Court **RECOMMENDS** that Respondent's Motion to Dismiss [ECF No. 9] be **GRANTED** and the petition [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file

objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:**    November 26, 2018

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE